UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ORLANDO J. SAXTON                                                               PLAINTIFF

v.                                          CIVIL ACTION NO. 5:08CV-P135-R

JEANNE GOOUD et al.                                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Orlando J. Saxton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues in their official capacities three employees of the KCI/Paducah Halfway House: Jeanne Gooud, Executive Director; Ed Hulsman, Center Director; and Eric Buckley, Community Programs Branch Manager. His complaint arises out of treatment he received by Defendants during a hearing at the Halfway House. He states that on July 1, 2008, he went before the "court call committee" at the Paducah Halfway House and that during the hearing he informed Defendant Hall that he wanted to go before a "full adjustment committee which is well within my rights." Plaintiff alleges that Defendant Hall told him that he was going to hear the reports regardless of whether Plaintiff signed the waiver of due process or not. Plaintiff alleges that he then requested a legal aide and to call witnesses but was told by Defendant Hall that he did not have those rights. Plaintiff states that he told Defendant Hall that no investigation was done and was told by Defendant Hall that if Plaintiff did not sign the write-up no investigation would be done.

Plaintiff states that he filed a grievance after the "court call proceeding." At the first grievance level, Plaintiff was told by Defendant Gooud that the state is no longer shipping inmates back to an institution for in-house level write-ups. Plaintiff states that in his response he stated that inmates have the right to be heard if not waived by a full committee and the right to appeal any "court call hearing." Plaintiff states that the Paducah Halfway House does not have an appeal process, which he alleges is clearly a due-process violation. Plaintiff requests monetary and punitive damages.

Attached to his complaint is a letter from the Paducah Human Rights Commission explaining that it only investigates complaints filed by non-incarcerated citizens. Plaintiff also attaches a copy of the disciplinary and grievance procedure, presumably of the Paducah Halfway House.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

Here, Plaintiff complains solely about the procedures used during and after his hearing at the Halfway House. The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property without due process of law. U.S. Const. Amend. XIV; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). Simply failing to follow proper procedures, as alleged by Plaintiff, is insufficient to establish an infringement of a liberty interest. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). Thus, Plaintiff's due-process-violation claim fails because the failure to follow procedure and provide Plaintiff with a full adjustment hearing, legal aide, witnesses, an investigation, and an appeal does not, in the absence of an identified protected liberty interest, violate the Due Process Clause. *See Grinter v. Knight*, 532 F.3d 567, 574-75 (6th Cir. 2008). Plaintiff's complaint fails to state a claim upon which relief may be granted.

### III. <u>CONCLUSION</u>

Because Plaintiff's complaint fails to state a claim upon which relief may be granted, it must be dismissed.  § 1915A(b)(1).  The Court will enter an order consistent with this memorandum opinion.

Date:


cc:     Plaintiff, *pro se*
        Counsel of record
4413.009